UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JUN KONG,

                Plaintiff,

              -against-                                 **MEMORANDUM & ORDER**

WING KEUNG ENTERPRISES, INC.,             15 CV 6228 (RJD) (LB)
KEUNG CHEN, TANG (FIRST NAME
UNKNOWN),

                Defendants.
-----------------------------------------------------------x

DEARIE, District Judge:

    Plaintiff Jun Kong initiated this action on October 29, 2015, against his former employers, Wing Keung Enterprises, Inc. ("Wing Keung"), Keung Chen, and "Tang (First Name Unknown)," pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-54, and state and local law. Compl., ECF No. 1. Plaintiff seeks to recover unpaid wages, as well as damages for defendants' alleged discrimination and retaliation against plaintiff based on his actual and/or perceived disability. Id.

    On April 23, 2016, plaintiff moved for leave to amend his complaint to add four Wing Keung employees—May Tong, Simon Chan, Fen Zhen Chen, and Grace Wong—as defendants. ECF No. 18. By Report and Recommendation dated May 18, 2016, Magistrate Judge Bloom recommended that plaintiff's request for leave to amend be denied. ECF No. 23. Judge Bloom reasoned that the proposed amendment would be futile because the Proposed Amended Complaint failed to sufficiently allege that the new defendants were plaintiff's employers within the meaning of the FLSA or the FMLA. Id. at 3-4. Judge Bloom did note that certain other

materials attached to plaintiff's motion suggested that plaintiff might be able to establish that Tong, but not the others, was indeed plaintiff's employer, but Judge Bloom did not consider those materials in deciding the motion before her, as they were outside the pleadings. Id. at 4-5.

Two days after Judge Bloom issued her Report and Recommendation, plaintiff filed a letter requesting, *inter alia*, leave to amend the complaint to replace defendant Tang with May Tong. ECF No. 24. Plaintiff argued that Tang and Tong are, in fact, the same person, and that Tong's name was spelled incorrectly in the initial pleadings because plaintiff knew the pronunciation, but not the spelling, of Tong's name. Id. Plaintiff, a native Mandarin speaker, represented that the pronunciation of "Tang" in Mandarin is the same as the pronunciation of "Tong" in Cantonese and/or Fujianese. Id. Defendants filed a letter in opposition on May 23, 2016, arguing that the "Tang" in the complaint did not describe Tong or give her sufficient notice that she was the intended defendant. ECF No. 26. Defendants argued that plaintiff's request "merely represents a second bite of the apple [following Judge Bloom's recommendation that plaintiff's motion to amend be denied] to include May Tong as a defendant." Id.

On May 27, 2016, Judge Bloom denied plaintiff's request to substitute Tong for defendant Tang. ECF No. 28. Judge Bloom noted that plaintiff's latest request was again one to amend the complaint, and, as such, plaintiff was required to attach a proposed amended complaint to the request—something he had not done. Id. Judge Bloom also noted that plaintiff already had the aforementioned motion to amend the complaint pending. Id. Judge Bloom directed plaintiff to file any objections to the earlier Report and Recommendation by June 1, 2016, and to attach any revised proposed amended complaint that he wished the Court to consider. Id. Judge Bloom directed defendants to respond to any objections by June 8, 2016. Id.

2

On June 1, 2016, plaintiff filed an objection, in part, to the Report and Recommendation. ECF No. 29 ("Pl.'s Obj."). Specifically, plaintiff again requested leave to amend the complaint to substitute Tong for defendant Tang, and he attached a revised Proposed Amended Complaint that incorporated that change. Id. Defendants filed no response to plaintiff's objection before the June 8, 2016, deadline for doing so.[1]

At this point in the proceedings, plaintiff may amend his pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Nevertheless, "[t]he court should freely give leave when justice so requires." Id. "The Supreme Court has made clear that 'this mandate is to be heeded,' and that leave to amend should be permitted in the absence of an apparent or declared reason, such as undue delay, bad faith, or undue prejudice to the opposing party." Tokio Marine & Fire Ins. Co. v. Emp'rs Ins. of Wausau, 786 F.2d 101, 103 (2d Cir. 1986) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Plaintiff makes several arguments in support of his request. First, plaintiff argues that there is no undue delay because plaintiff filed his original motion to amend before the April 25, 2016, deadline for doing so—a deadline which Judge Bloom had generously extended more than once—and because substituting Tong for defendant Tang will not require any additional discovery. Pl.'s Obj. at 3. Second, plaintiff argues that there is no bad faith because the original complaint contained the incorrect spelling of Tong's name by innocent mistake. Id. at 4. Plaintiff asserts, as he did in his previous letter, that he knew the pronunciation of his supervisor's (i.e., Tong's) last name, but that in Mandarin, plaintiff's native language, the

---

[1] On November 17, 2016, plaintiff filed a letter addressing certain arguments defendants made during a November 3, 2016, pre-motion conference—focused on the parties' anticipated summary judgment motions—in opposition to the pending motion to amend. ECF No. 37. Defendants filed a response the next day. ECF No. 38. The submissions largely repeat arguments made by the parties previously and do not alter the Court's decision on this matter.

pronunciation of "Tang" is the same as the pronunciation of "Tong" in Cantonese and/or Fujianese. Id. This, plaintiff argues, accounts for the misspelling of Tong's name in the original complaint. Id. Third, plaintiff argues that there is no undue prejudice because Tong knew, or should have known, that the action would have been brought against her but for a mistake in the spelling of her name in the complaint. Id. at 4-5. Plaintiff argues that Tong admitted in her declaration that she has an ownership interest in Wing Keung and that defendant Chen admitted in his deposition that he and Tong, his wife, are the sole owners of the company. Id. at 4. Thus, plaintiff argues, Tong should have known that she was the individual who plaintiff intended to name in the original complaint, given that the complaint named Wing Keung and its two owners and general managers. Id. at 4-5; Compl. ¶¶ 7-9, ECF No. 1. And fourth, plaintiff argues that amending the complaint to substitute Tong for defendant Tang would not be futile because the *revised* Proposed Amended Complaint, in contrast to the prior Proposed Amended Complaint, includes the very allegations that Judge Bloom previously stated could establish that Tong was plaintiff's employer. Pl.'s Obj. at 5-6; R. & R. at 5, ECF No. 23.

The Court finds that plaintiff's latest request—to amend the complaint to substitute Tong for Tang—will not create any undue delay, and it finds that there is no indication of bad faith here. The Court also finds that there is good reason to believe that Tong and Tang are indeed the same person, and that Tong knew or should have known that she was the intended defendant. Furthermore, the Court finds that this revised proposed amendment to the complaint would not be futile, as plaintiff added to the revised Proposed Amended Complaint allegations that could, as Judge Bloom noted, establish that Tong was plaintiff's employer.

As such, while the Court agrees entirely with the reasoning of Judge Bloom in her Report and Recommendation, the Court sustains plaintiff's limited objection and grants plaintiff leave to

4

file the revised Proposed Amended Complaint that substitutes May Tong for defendant Tang. With that one exception, the Court adopts the Report and Recommendation of Judge Bloom.

SO ORDERED.

Dated: Brooklyn, New York
November 22, 2016

s/ RJD
RAYMOND J. DEARIE
United States District Judge