UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JUN KONG,

                Plaintiff,

        -against-                              **MEMORANDUM & ORDER**

WING KEUNG ENTERPRISES, INC.,         15 CV 6228 (RJD) (LB)
KEUNG CHAN, MAY TONG,

                Defendants.
-----------------------------------------------------------x

DEARIE, District Judge

      "The standard for granting [a motion for reconsideration] is strict . . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "In determining a motion for reconsideration, the court should consider: (1) whether there has been 'an intervening change of controlling law;' (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a 'need to correct a clear error or prevent manifest injustice.'" Ceparano v. Suffolk Cnty. Dep't of Health, No. 09-CV-558 (SJF) (AKT), 2014 WL 4385360, at *1 (E.D.N.Y. Sept. 4, 2014) (quoting Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257 (citations omitted). A motion for reconsideration is not a tool "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits,

or otherwise taking a second bite at the apple." <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d. 36, 52 (2d Cir. 2012) (internal citation omitted).

Plaintiff Jun Kong moves this Court to reconsider the Memorandum and Order denying plaintiff's motion for summary judgment and granting in part and denying in part defendants' motion for summary judgment. <u>See</u> Memorandum and Order, ECF No. 58. Specifically, plaintiff argues that the Court should not have granted summary judgment as to plaintiff's overtime claims made pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and discrimination claims made pursuant to the New York State and New York City human rights laws. Plaintiff's motion is denied.

Taking in earnest plaintiff's suggestion that the Court overlooked legal requirements, and understanding that it was defendants' burden to provide evidence that plaintiff falls under the Motor Carrier Act ("MCA") exception, this Court undertook a detailed secondary review of the record and of the controlling case law. Far from overlooking the different types of work plaintiff may have performed while in defendants' employ, as plaintiff suggested in the motion for reconsideration, the Court has scoured the record to uncover the nature of plaintiff's work and make an informed determination as to the MCA exemption's application. The Court stands by its original decision, denying Plaintiff's motion for reconsideration.

First, Plaintiff asserts that the Court should not have dismissed his overtime claims as exempted by the Motor Carrier Act for the entirety of his employment. Rather, he argues that his job description changed several times over the course of his employment at Wing Keung, and he was not necessarily a worker "whose activities affect[ed] the safety of operation" of vehicles used in interstate commerce throughout his employment. <u>See</u> <u>Fox v. Commonwealth Worldwide Chauffeured Transp. Of N.Y., LLC</u>, 865 F. Supp. 2d 257 (E.D.N.Y. 2012). The MCA exception

requires a two-part analysis: first, the court must consider the activities of the employer; second, the court must evaluate the activities of the employee. See Dauphin v. Chestnut Ridge Transp., Inc., 544 F.Supp.2d 266, 273 (S.D.N.Y. 2008) ("Whether the motor carrier exception applies to an employee depends on the nature of both the employer's and employee's activities.") (citing 29 C.F.R. § 782.2(a)); See also Tang v. Wing Keung Enterprises, Inc., 210 F.Supp.3d 376, 390 (E.D.N.Y 2016). At issue for plaintiff is the second step in the MCA analysis, which hinges on whether the employee is "engaged in activities of a character directly affecting the safety of operation of motor vehicles." See 29 C.F.R. § 782.2(a)(2). "There are four broad categories of workers whose duties are said to directly affect the safety of vehicle operation: drivers, mechanics, loaders, and helpers of the first three." Fox, 865 F.Supp.2d at 266 (internal citations omitted).

    Here, at any given time during plaintiff's employment with defendants, he served as a driver, a loader, or a helper. Plaintiff himself testified in his deposition that when he was initially hired he began working for defendants as a loader. Wang Aff. Ex. 7 at 9:25-10:1-10, 11:18-25-12:1-9, ECF No. 48-1. This included occasionally riding with the trucks on the road and regularly helping load or unload the trucks. Id. Defendant Keung Chan testified that while plaintiff did not always go with the truck, particularly in the early months, plaintiff's role was as a helper, sometimes in the warehouse and sometimes in the trucks. Wang Aff. Ex. 5 at 31-34, ECF No. 48-1. Thus, despite plaintiff's varying roles in defendant's employ, his work throughout included driving, loading, or helping with loading, such that plaintiff does fall under the MCA exception.

    Second, Plaintiff also alleges that a "week by week' analysis of his job responsibilities is required of the Court. On the contrary, "courts often decline to engage in a week-by-week

analysis where it is clear that the reasonable expectation of interstate travel was continuous throughout the period of employment." See Williams v. Tri-State Biodiesel, L.L.C., No. 13 CIV. 5041 GWG, 2015 WL 305362, at *10 (S.D.N.Y. Jan. 23, 2015). "Courts have adopted different approaches in determining what time periods should be used in analyzing exemption claims." Tang, 210 F.Supp.3d, 393. Plaintiff's work for defendant was exempt under the MCA in each of the three roles and time periods identified by plaintiff because plaintiff either traveled out of state or participated in safety affecting activities throughout. See Wang Aff. Ex. 5 at 32:12-16, ECF No. 48-1; Id. Ex. 5 at 31-34; Id. Ex. 7 at 77:23-78:4; Id. Ex. 7 at 22:4-21; Id. Ex. 7 at 9:25-10:1-10, 11:18-25-12:1-9. The Court accordingly declines to engage in a week-by-week analysis and affirms its earlier ruling.

Third, plaintiff argues that defendants are barred by collateral estoppel from asserting that plaintiff is exempt by the Motor Carrier Exemption because Judge Bloom found separate plaintiffs were not exempt in a recent case involving the same defendants. See Tang v. Wing Keung Enterprises, Inc., No. 14 CV 390 (JBW)(LB), 2016 WL 6110454, at *13 (E.D.N.Y. July 11, 2016), report and recommendation adopted sub nom. Chaohui Tang v. Wing Keung Enterprises, Inc., 210 F. Supp. 3d 376 (E.D.N.Y. 2016). The Court finds the underlying facts to be sufficiently distinct to render collateral estoppel inapplicable. See Envtl. Def. v. U.S. E.P.A., 369 F.3d 193, 202 (2d Cir. 2004).

Plaintiff finally argues that defendants did not rebut plaintiff's allegation that he was terminated for a discriminatory reason, or at the least this decision belongs to a jury. But, as the Court previously found, the only evidence submitted, by either party, indicated that defendant's motivation for terminating plaintiff was excessive absences, and not any discriminatory animus related to disability. See Memorandum and Order at 6-7.

Accordingly, plaintiff's motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
December 1, 2017

/s/ Raymond J. Dearie
RAYMOND J. DEARIE
United States District Judge